UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH WAYNE BLANTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HENRY D. FAJARDO,<br><br>　　　　Defendant. | Case No. 1:25-cv-01083-EPG (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO REVISE DOCKET AND CASE CAPTION REGARDING FORMER DEFENDANTS TYSON POGUE AND B. MENDOZA<br><br>ORDER ALLOWING CASE TO PROCEED ON PLAINTIFF'S CLAIM THAT DEFENDANT FAJARDO VIOLATED PLAINTIFF'S FOURTEENTH AMENDMENT RIGHT TO ADEQUATE MEDICAL CARE<br><br>(ECF No. 8) |

　　　　Plaintiff Kenneth Wayne Blanton is currently incarcerated at the Madera County Jail and proceeds *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. (ECF Nos. 1, 6, 8). As amended, his complaint alleges that his Fourteenth Amendment right to medical care was violated because a dentist, Henry D. Fajardo, broke his tooth during a dental appointment.

　　　　Upon review of the amended complaint, the Court will allow this case to proceed on Plaintiff's claim that Defendant Fajardo violated Plaintiff's Fourteenth Amendment right to adequate medical care concerning the incident where Defendant broke Plaintiff's tooth.

1

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or a portion of it, if the prisoner has raised claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

Additionally, as Plaintiff is proceeding *in forma pauperis* (ECF No. 6), the Court may screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II. SUMMARY OF PLAINTIFF'S AMENDED COMPLAINT[1]

The amended complaint names a single Defendant, Henry Fajardo, the Facilities Dentist at the Madera County Jail.[2] (ECF No. 8, p. 2).

Plaintiff brings a single claim alleging the denial of his "right to medical care." (*Id.* at 3).

> Dr. Henry Fajardo is the dentist at Madera County Jail. On 7-18-25, I went to Dental for a temporary filling. While inspecting my tooth, Dr. Fajardo was using a mirror attached to a solid metal object. Dr. Jardo wedged the mirror in between the tooth I was supposed to be getting filled & the molar behind it. I tried to notify him to stop but he continued to apply unreasonably amounts of pressure and torque, causing immense pain & ultimately breaking the molar behind the tooth I was there to get filled. Dental and Medical has been aware of my need for surgery & I have still not had the issue treated as of 10-3-25. I have suffered serious harm including, but not limited to exposed nerves, extreme pain, mental & emotional distress, loss of sleep, physical discomfort, infection, sensitivity. I am a pretrial detainee. I now require a root canal & surgery to fix Dr. Fajardo's reckless disregard to my wellbeing. X-rays were taken before the tooth was broken showing it intact & an incident report was filed by an officer with a picture showing the damages when I returned from dental.

(*Id.* at 3-4).

As for relief, Plaintiff asks for monetary damages, including $1 million from Defendant. (*Id.* at 4).

## III. ANALYSIS OF PLAINTIFF'S AMENDED COMPLAINT

Plaintiff alleges that he was denied the "right to medical care" and states that he is a pretrial detainee. Thus, for purposes of screening, the Court will assume that Plaintiff was a pretrial detainee—as opposed to a convicted prisoner—at the time of the incident, as the legal standards differ somewhat based on this distinction. *See Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1125 n.4 (9th Cir. 2018) (noting difference between medical-care standards for pretrial detainees and convicted prisoners).

---

[1] For readability, minor alterations to some of Plaintiff's quotations, like changing capitalization and punctuation, have been made without indicating each change.

[2] Because Plaintiff has omitted from his amended complaint the two former Defendants named in his initial complaint—Tyson Pogue and B. Mendoza—the Court will direct the Clerk of Court to terminate them from the docket and revise the case caption.

For pretrial detainees complaining about the denial of the right to adequate medical care, the following legal standards apply:

> [C]laims for violations of the right to adequate medical care "brought by pretrial detainees against individual defendants under the Fourteenth Amendment" must be evaluated under an objective deliberate indifference standard. *Castro*, 833 F.3d at 1070. Based thereon, the elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries. "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[ ] on the facts and circumstances of each particular case.'" *Id.* at 1071 (quoting *Kingsley*, 135 S.Ct. at 2473; *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)). The "'mere lack of due care by a state official' does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." *Id*. (quoting *Daniels*, 474 U.S. at 330-31, 106 S.Ct. 662). Thus, the plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.*

*Id.* at 1124-25 (9th Cir. 2018) (footnotes omitted).

Summarized, Plaintiff alleges that during a dental appointment for a filling, despite him trying "to notify [Dr. Fajardo] to stop," Dr. Fajardo "continued to apply unreasonable amounts of pressure & torque [with a dental instrument to his molar, the tooth that was not being filled] causing immense pain and ultimately breaking the molar." Elsewhere, Plaintiff indicates that his tooth was otherwise healthy, *i.e.*, a prior X-ray showed it to be intact. Further, Plaintiff has suffered greatly from the broken tooth, including extreme pain, loss of sleep, and infection.[3]

Liberally construed for the purposes of screening, the Court concludes that Plaintiff states a claim, *i.e.*, that Defendant violated Plaintiff's Fourteenth Amendment right to adequate

---

[3] The Court notes that Plaintiff states that "Dental & Medical has been aware of [his] need for surgery" but he still has "not had the issue treated as of 10-3-25." (ECF No. 8, p. 4). The Court construes these as background allegations, as Dr. Fajardo, the only Defendant, is not alleged to have been directly involved in any lack of treatment following the breaking of Plaintiff's broken tooth. Thus, the Court does not consider whether such allegations state any claim.

medical care concerning the incident where Defendant broke Plaintiff's tooth.

## IV.   CONCLUSION AND ORDER

The Court has screened Plaintiff's amended complaint and concludes that his only claim should proceed past screening.

Accordingly, IT IS ORDERED as follows:

1. As the amended complaint no longer names Tyson Pogue and B. Mendoza as Defendants, the Clerk of Court is directed to terminate them from the docket and to revise the case caption to *Blanton v. Fajardo*, or some similar styling according to the Clerk of Court's standard practices.
2. This case shall proceed on Plaintiff's claim that Defendant Fajardo violated Plaintiff's Fourteenth Amendment right to adequate medical care concerning the incident where Defendant Fajardo broke Plaintiff's tooth.
3. As the Court has concluded that Plaintiff's only claims should proceed past screening, the Court will, in due course, issue an order authorizing service of process on Defendant Fajardo.

IT IS SO ORDERED.

Dated:   **October 16, 2025**          /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE